IN THE
UNITED STATES DISTRICT COURT
for the
Central District of Illinois

UNITES STATES OF AMERICA )
    v. )  Case No: 16-30049
     )
DONALD DOROSHEFF )
     )
  Defendant )

## MOTION TO SUPPRESS EVIDENCE

NOW COMES the Defendant, Donald Dorosheff, by and through his counsel Michael J. Costello, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, and for his Motion to Suppress Evidence, respectfully states as follows:

1. The Defendant moves to suppress all evidence obtained directly or indirectly by the Government as a result of a search of his premises which was conducted pursuant to a search warrant. Defendant contends that the affidavit submitted in support of the warrant failed to establish probable cause and that the "good--faith" exception to the exclusionary rule is inapplicable and that the affidavit contains stale facts.

2. A search warrant was executed upon the premises of the Defendant and evidence seized including computers and other property.

3. The Defendant moves to suppress the search warrant based upon no probable cause to issue the warrant because the affidavit in support of the warrant does not establish probable cause.

4. The Defendant claims that the affidavit in support of the search warrant did not establish probable cause based, *inter alia*, on the following:

1).     That there was no showing that the defendant had exclusive control over the residence or that others may be a user of the internet account of the subject Defendant's premises.

2).     The affidavit states the Defendant's name or a user which gives pause to suggest that others used internet account.

3.)    There is reasonable cause to believe that there is a probability of another user of the internet account at the subject premises knowingly had access to child pornography.

4.)    The affidavit is stale based upon information obtained from the State of Virginia search warrant.

5.)    The affidavit is based that defendant accessed child pornography without direct knowledge.

6.)    The Government has not submitted the affidavit to obtain a search and seizure warrant issued on February 20, 2015, which warrant expired on March 6, 2015 which was to be executed in the State of Virginia

7.)    There is no showing of the reliability of the facts in the warrant in this cause and the prior State of Virginia's warrant's affidavit likewise may lack probably cause.

WHEREFORE the Defendant, DONALD DOROSHEFF, moves that this Motion be allowed.

                                                    DONALD DOROSHEFF, Defendant

                                                    By: /s Michael J. Costello
                                                    Michael J. Costello, Attorney for Defendant

Michael J. Costello
Attorney at Law
820 South Second Street
First Floor
Springfield, Illinois 62704
Telephone: (217) 544-5500
ARDC No.: 522627
Costello.m@sbcglobal.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing document was served on the following by enclosing same in an envelope addressed as shown and by depositing said envelope in Springfield, Illinois on this 18th day of January, 2017.

Courtney Corea
Assistant United States Attorney
151 Paul Findley Federal Bldg and
United States Courthouse
600 East Monroe Street
Springfield, IL 62701

Gail Noll
Assistant United States Attorney
151 Paul Findley Federal Bldg and
United States Courthouse
600 East Monroe Street
Springfield, IL 62701

/s Michael J. Costello

Michael J. Costello
Attorney at Law
820 South Second Street
First Floor
Springfield, Illinois 62704
Telephone: (217) 544-5500
ARDC No.: 522627
Costello.m@sbcglobal.ne