E-FILED
Monday, 07 March, 2022  04:40:43 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-cr-30049** |
| | ) | |
| **DONALD DOROSHEFF** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Donald Dorosheff's pro se Motion to Dismiss the Indictment for Speedy Trial Violations (d/e 173). Because fewer than 70 non-excludable days have passed between Defendant's Indictment and his upcoming trial, Defendant's Motion (d/e 173) is DENIED.

## BACKGROUND

Defendant was charged via Indictment on October 5, 2016 with two counts of receiving child pornography in violation of 18 U.S.C. 2252A(a)(2)(A) and (b)(1) and two counts of possession of child pornography in violation of 18 U.S.C. 2252A(a)(5)(A) and (b)(2). Defendant was arraigned on November 10, 2016.

Defendant filed his first Motion to Continue Trial on December 12, 2016 in which Defendant's first retained counsel requested additional time to review the voluminous evidence and prepare the defense.  (d/e 11).  The Court granted that request on December 13, 2016, finding that the ends of justice outweighed Defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  Defendant's trial was then continued to February 7, 2017.

Defendant then filed a Motion to Suppress (d/e 12) on January 18, 2017 and a Motion to Exclude Evidence of Other Crimes (d/e 13) on January 19, 2017.  While both motions were pending, the Government filed a Motion to Continue (d/e 15) in which the Government requested additional time to adequately respond to Defendant's Motions to Suppress and Exclude Other Evidence and to which Defendant did not object.  The Court granted that motion on January 25, 2017, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to March 7, 2017.

Meanwhile, the Court scheduled a hearing on Defendant's Motion to Suppress for February 13, 2017.  <u>See</u> Text Order 01/26/2017.  The Government filed a Motion to Continue that hearing on January 30, 2017 citing a conflict in its schedule.  (d/e 17).  The Court granted that Motion on January 31, 2017, found that the interests of Defendant and the public in a speedy trial were outweighed by serving the ends of justice in allowing the continuance under 18 U.S.C. § 3161(h)(7)(A), and continued the suppression hearing three days to February 16, 2017.  The Government filed a second Motion to Continue the Suppression Hearing (d/e 22) on February 15, 2017.  Both counsel for the Government and counsel for Defendant informed the Court that each needed additional time to prepare for the Suppression Hearing, and the Court granted the requested continuance and found that the ends of justice outweighed both Defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court then continued the Suppression Hearing to March 20, 2017 and trial to April 11, 2017.

On March 20, 2017, the day of the Suppression Hearing, Defendant filed another Motion to Continue Trial (d/e 23) in which

Defendant requested additional time to prepare the defense.  The Court granted that motion at the suppression hearing, <u>see</u> Minute Entry 03/20/2017, and memorialized that grant in a Text Order on March 22, 2017, finding that at the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to May 16, 2017.

On April 21, 2017, the Government filed a motion to continue citing ongoing negotiations pending the outcome of the Motion to Suppress to which Defendant did not object.  (d/e 25).  The Court granted the motion, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to June 6, 2017.

Following the Court's Opinion and Order on the Motion to Suppress (d/e 26), Defendant filed another Motion to Continue (d/e 27) on May 10, 2017 in which Defendant stated he needed more time to allow his forensics examiner to complete the examiner's work and to which the Government did not object.  The Court granted the motion, finding that the ends of justice served by

granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court continued trial to July 11, 2017.  On June 12, 2017, Defendant filed another Motion to Continue (d/e 33) and requested a continuance for the same reasons as the May 10 request.  The Court again granted the motion, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to August 8, 2017.

On July 10, 2017, Defendant's retained counsel moved to withdraw from the case citing irreconcilable differences between counsel and Defendant.  (d/e 35).  The Court granted that motion and appointed the Federal Public Defender's Office for the Central District of Illinois as counsel for Defendant.  Text Order 07/13/2017.  On July 19, 2017, Defendant's newly appointed counsel filed a Motion to Continue (d/e 38) in which defense counsel stated he needed additional time to review the details of the case.  The Court granted the motion, finding that the ends of justice served by granting the continuance outweighed the best interest of

Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to October 3, 2017.

Defendant's newly appointed counsel simultaneously filed a Motion to Withdraw (d/e 41) and a Motion to Continue (d/e 40) in which counsel cited irreconcilable differences between Defendant and counsel led to a breakdown in their working relationship.  The Court granted the Motion to Withdraw (d/e 41) and appointed a new attorney under the Criminal Justice Act, 18 U.S.C. § 3006A et seq. ("CJA"), on September 13, 2017.  The Court then granted Defendant's Motion to Continue (d/e 40) on September 21, 2017, noting the additional time requested for newly appointed counsel to prepare a defense and review evidence in discovery.  The Court also found that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to December 5, 2017.

On November 1, 2017, Defendant filed a Motion to Continue (d/e 45) in which defense counsel stated he needed additional time to review and obtain discovery in order to modify the previously filed Motion to Exclude Evidence of Other Crimes (d/e 13).  The

Government filed a Response (d/e 47) stating the Government was still reviewing Defendant's discovery requests.  Based on those statements, the Court granted the motion, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to March 6, 2018.

Defendant filed another Motion to Continue (d/e 54) on February 13, 2018 in which defense counsel requested additional time to review voluminous discovery, the previous pre-trial proceedings, and other related cases across the country as well as evaluate options for additional pre-trial motions.  The Court granted the motion, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court continued trial to May 29, 2018.

On April 12, 2018, Defendant filed a renewed Motion to Exclude Evidence (d/e 57).  Defendant filed a Motion for a Hearing on the Motion to Exclude Evidence (d/e 59) on May 4, 2018 and a Motion to Continue Trial (d/e 60) on May 7, 2018.  The Court granted the Motion for Hearing (d/e 59) and the Motion to Continue

(d/e 60), scheduling a Motion Hearing for May 21, 2018 and continuing trial to July 10, 2018 after finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).

The Court requested additional briefing on the Motion to Exclude (d/e 57) in a Text Order on May 30, 2018.  In response to the Court's order, Defendant and the Government each filed a Motion to Continue on June 22 and 26, 2018, respectively, in which each requested a continuance of trial.  (d/e's 63 & 64).  The Court granted the motions, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court continued trial to September 4, 2018.

On August 7, 2018, Defendant filed a Motion to Compel Discovery (d/e 67) the Response to which (d/e 68) was filed on August 8, 2018.  On August 15, 2018, Defendant filed another Motion to Continue (d/e 71) in which Defendant requested trial be continued pending the Court's ruling on the Motion to Compel and the previously filed Motion to Exclude Evidence (d/e 57).  The Court

granted the Motion to Continue (d/e 71), finding that the ends of
justice served by granting the continuance outweighed the best
interest of Defendant and the public in a speedy trial under 18
U.S.C. § 3161(h)(7)(A).  The Court continued trial to October 2,
2018.  Defendant then filed three consecutive Motions to Continue
(d/e 74 & 76) on September 7, 2018 (d/e 74), October 22, 2018
(d/e 76), and December 13, 2018 (d/e 79) respectively.  In each,
Defendant stated the pending Motion to Compel (d/e 67) and
Motion to Exclude Evidence (d/e 57) as the basis for Defendant's
requested continuance.  The Court granted each Motion, continuing
trial first to November 13, 2018, then to January 8, 2019, and then
to March 5, 2019 after finding that the ends of justice served by
granting the continuances outweighed the best interest of
Defendant and the public in a speedy trial under 18 U.S.C. §
3161(h)(7)(A).

On January 28, 2019, the Court directed the Government to
provide for in camera inspection the materials referenced in
Defendant's Motion to Compel (d/e 67).  Text Order 01/28/2019.
Defendant then filed a Motion to Continue Trial (d/e 84) in which
Defendant requested a continuance while the Government provided

and the Court reviewed the materials requested in the January 28, 2019 Text Order.  The Government was given until April 9, 2019 to provide those materials, see Text Order 02/08/2019, and Magistrate Judge Schanzle-Haskins granted the Motion to Continue, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  Judge Schanzle-Haskins continued trial to June 4, 2019.

The Government, on April 9, 2019, filed a Motion to Clarify (d/e 86) in which the Government both opposed Defendant's Motion to Compel (d/e 67) and argued that the materials Defendant had requested in Defendant's discovery requests were too overbroad for the Government to determine what materials the Government was obligated to provide for in camera inspection as requested by the Court.  Defendant filed a Response (d/e 89) on April 17, 2019 and another Motion to Continue Trial (d/e 91) on May 13, 2019. Defendant requested trial be continued based on the pending Motions to Exclude Evidence (d/e 57), to Compel (d/e 67), and to Clarify (d/e 86).  Magistrate Judge Schanzle-Haskins granted the Motion to Continue, finding that the ends of justice served by

granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Judge Schanzle-Haskins continued trial to September 10, 2019.

Defendant then filed eight consecutive Motions to Continue on August 8, 2019 (d/e 95), November 6, 2019 (d/e 97), February 10, 2020 (d/e 101), May 12, 2020 (d/e 105), August 11, 2020 (d/e 109), November 10, 2020 (d/e 112), February 10, 2021 (d/e 116), and April 13, 2021 (d/e 121).  In each requested continuance, Defendant cited the pending Motions to Exclude Evidence (d/e 57), to Compel (d/e 67), and to Clarify (d/e 86).  Magistrate Judge Schanzle-Haskins granted each Motion to Continue, finding that the ends of justice served by granting the continuances requested by Defendant outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  Judge Schanzle-Haskins eventually continued trial to August 3, 2021.

Defendant's third attorney filed a Motion to Withdraw (d/e 125) on June 15, 2021.  Before being allowed to withdraw, Defense counsel then filed a Motion to Continue (d/e 128), which Magistrate Judge Schanzle-Haskins granted, finding that the ends of justice served by granting the continuance outweighed the best interest of

Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Judge Schanzle-Haskins continued trial to November 2, 2021. The Court then granted defense counsel's Motion to Withdraw at a hearing on that motion and appointed another CJA attorney to represent Defendant—Defendant's fourth attorney in this case.

After the Court issued its Opinion and Order on the Motions to Exclude Evidence (d/e 57), to Compel (d/e 67), to clarify (d/e 86), and Exclude Evidence of Other Crimes (d/e 13), Defendant's newly appointed attorney filed another Motion to Continue (d/e 135) on October 12, 2021. In the motion, Defendant stated that his new counsel needed additional time to review the evidence and prepare for trial with Defendant. Magistrate Judge Schanzle-Haskins granted the motion, finding that the ends of justice served by granting the continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Judge Schanzle-Haskins continued trial to December 7, 2021.

Defendant filed additional Motions to Continue Trial, in which Defendant repeated the need for additional time to review discovery and prepare a defense, on November 17, 2021 (d/e 137), December

14, 2021 (d/e 139), and January 11, 2022 (d/e 140). Magistrate Judge Schanzle-Haskins granted each motion, finding that the ends of justice served by granting the continuances outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Judge Schanzle-Haskins eventually continued trial to March 1, 2022.

On January 31, 2022, the Government filed a Notice (d/e 144) in which the Government stated its expectation that trial would proceed as scheduled. At the request of the Court, the parties filed their calculations as to the calculations of excludable and non-excludable time that had passed under the Speedy Trial Act. The Government filed a Response (d/e 157) in which it calculated that fifty-two of the seventy days allowed under the Speedy Trial Act has elapsed. In Defendant's filed Response (d/e 158), Defendant stated that he "consents to the calculation as proposed by the" Government.

At a status hearing on February 23, 2022, Defendant requested trial be continued to March 7, 2022 and agreed to the Court's finding that the ends of justice served by granting the

continuance outweighed the best interest of Defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).

Defendant then filed a Motion to Proceed Pro Se (d/e 173) on February 28, 2022.  A hearing was held before Magistrate Judge Schanzle-Haskins regarding Defendant's motion.  After knowingly and voluntarily waiving his right to counsel under the Sixth Amendment, Defendant was allowed to proceed to trial pro se.  The Court then scheduled another status hearing for March 7, 2022 and continued trial for one more day to March 8, 2022 after finding that the continuance was in the interests of justice, was not for unreasonable delay or an improper purpose, and outweighed the Defendant's and the public's interest in a speedy trial under 18 U.S.C. 3161(h)(7)(A).

Defendant now moves to dismiss the indictment based on alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

## ANALYSIS

As a pro se defendant filing, the Court construes Defendant's motion liberally.  McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir.2000).  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy

and public trial . . ." U.S. Const. amend VI.  The Speedy Trial Act specifies that a speedy trial is one that "commence[s] within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  Some "periods of delay [are] excluded in computing the time within which . . . the trial of any such offense must commence . . ."  Id. § 3161(h).  This includes any "delay resulting from a continuance granted by any judge on his own motion or at the request of" a party, "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A). Decisions to exclude time from the Speedy Trial Act calculation are committed to the discretion of the district court.  United States v. Robey, 831 F.3d 857, 861 (7th Cir. 2016). "Absent legal error, . . . the district court's decision to exclude time [may be reversed] only where the defendant can show both an abuse of discretion and actual prejudice."  United States v. Ramirez, 788 F.3d 732, 735 (7th Cir. 2015).

The Court finds that there was neither legal error, abuse of discretion, nor prejudice in excluding periods of time from Defendant's speedy trial calculations between his arraignment and the filing of this Opinion.  The 70-day clock began ticking when Defendant was arraigned on November 10, 2016.  From Indictment until the filing of this Opinion, Defendant requested thirty continuances of trial, each of which was followed by a finding that Defendant's requested continuance best served the ends of justice and outweighed the interest of Defendant and the public as required by the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(A). Defendant also stated that he did not object to five similar motions filed by the Government which led to the same ends-of-justice finding by the Court.  Moreover, Defendant already agreed that only fifty-two of seventy non-excludable days have passed since Indictment.  See Def.'s Resp. (d/e 158); United States v. Fountain, 840 F.2d 509, 513 (7th Cir. 1998) ("A defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention.").  By his own calculation, Defendant has admitted that there is no violation of the Speedy Trial Act in this case.  The Court,

on its own calculation, agrees because the only non-excludable days to be counted under the Speedy Trial Act are the days from Defendant's arraignment on November 10, 2016 to the originally scheduled trial date of January 3, 2017.  The remainder of time, as Defendant has already admitted, are excludable as periods of delay as a result of a continuance based on a finding that the ends of justice outweighed the best interest of the public and Defendant in a speedy trial.  <u>See</u> 18 U.S.C. § 3161(h)(7)(A).

## CONCLUSION

Defendant has not shown a violation of the Speedy Trial Act, 18 U.S.C. 3161.  Accordingly, Defendant's Motion to Dismiss (d/e 173) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: March 7, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**