E-FILED
Friday, 08 July, 2022  10:36:32 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-cr-30049** |
| | ) | |
| **DONALD DOROSHEFF** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Donald Dorosheff's pro se Motions to Dismiss the Indictment (d/e 205, 206, & 215). For the following reasons, Defendant's Motions are DENIED.

## BACKGROUND

Defendant was charged via Indictment on October 5, 2016 with two counts of receiving child pornography in violation of 18 U.S.C. 2252A(a)(2)(A) and (b)(1) and two counts of possession of child pornography in violation of 18 U.S.C. 2252A(a)(5)(A) and (b)(2). Defendant was arraigned on November 10, 2016.

On February 28, 2022, eight days before trial, Defendant filed a Motion to Proceed Pro Se and to Dismiss for Lack of Speedy Trial

(d/e 173).  United States Magistrate Judge Tom Schanzle-Haskins held a hearing under Faretta v. California, 422 U.S. 806 (1975), on March 3, 2022.  Judge Schanzle-Haskins found that Defendant knowingly and voluntarily waived his right to counsel under the Sixth Amendment, granted Defendant's Motion (d/e 173) and request to proceed pro se, and allowed Defendant's Court-appointed attorney to withdraw.  The Court then denied[1] Defendant's pro se Motion to Dismiss (d/e 173) on March 7, 2022, finding that there was no violation of the Speedy Trial Act.

Defendant's trial then began as scheduled on March 8, 2022. Defendant initially wished to proceed pro se in a bench trial.  The Court questioned Defendant pursuant to United States v. Williams, 559 F.3d 607, 609 (7th Cir. 2009), and found, under Federal Rule of Criminal Procedure 23, that Defendant had affirmatively waived his right to a jury trial.  Defendant then requested counsel after mentioning plea discussions during his pro se opening statement. The Court obliged and reappointed Defendant's previous attorney and recessed while Defendant and his attorney conferred.

---

[1] The Court assumes the readers familiarity with the details of the continuances between November 10, 2016 and the eventual trial date on March 8, 2022 as recounted in the previous Order on Speedy Trial (d/e 183) and so does not restate those details here.

But after consulting with his reappointed attorney, Defendant changed course and, again, requested a bench trial. The Court again questioned Defendant and Defendant confirmed that Defendant wished to waive his right to a jury trial. Defendant confirmed that waiver in writing. (d/e 184). Trial then proceeded as a bench trial with Defendant represented by counsel. After three days of evidence, Defendant was found guilty of two counts of receipt of child pornography and one count of possession of child pornography on March 10, 2022. Defendant was then detained pursuant to 18 U.S.C. § 3143 after the Court found that there was not clear and convincing evidence that Defendant did not pose a danger to the community. Defendant's sentencing date was then scheduled for July 15, 2022.

Defendant then sent a letter to the Court stating that he wished to discharge his attorney's representation. (d/e 192). The Court set a hearing on the matter for May 5, 2022. At that hearing, Defendant repeated his wish to discharge his attorney and his wish to proceed pro se at sentencing. The Court granted Defendant's request and allowed his attorney to withdraw from the case.

Defendant has now filed three additional pro se Motions to Dismiss the Indictment.  (d/e 205, 206, & 215).

## ANALYSIS

The Court construes Defendant's pro se motions liberally. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir.2000). Defendant requests the Court dismiss the Indictment for Speedy Trial Act violations, for "false evidence," and violations of the Double Jeopardy Clause.  Defendant also contests the validity of the order of detention.

Defendant's motion to dismiss on the basis of the Speedy Trial Act is denied.  As the Court has previously held, there was "neither legal error, abuse of discretion, nor prejudice in excluding periods of time from Defendant's speedy trial calculations" between his arraignment and trial.  Op. (d/e 183).  There was no resulting violation of the Speedy Trial Act pre-trial.

There also has not been a violation post-trial.  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." U.S. Const. amend VI.  But neither that right nor the protections of the Speedy Trial Act, 18 U.S.C. § 3161 et seq., "extend beyond

conviction." <u>Betterman v. Montana</u>, 578 U.S. 437, 445 & 448 (2016).  Accordingly, Defendant's motion for dismissal for speedy trial violations is denied.

The Court next interprets Defendant's "false evidence" argument as a Motion for New Trial under Federal Rule of Criminal Procedure 33.  Under that Rule, "the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment."  Fed. R. Crim. P. 33.  However, "[m]otions for new trial based on weight of the evidence are not favored" and the Court "may not reweigh the evidence and set aside the verdict" unless the evidence "preponderate[s] heavily against the verdict."  <u>United States v. Reed</u>, 875 F.2d 107, 113 (7th Cir. 1989).

Defendant was found guilty after a bench trial on March 10, 2022.  Defendant requests that the Court reweigh the evidence it has already considered.  Defendant has not presented new evidence which would "preponderate heavily against the verdict" already entered.  <u>Reed</u>, 875 F.2d at 113.  In any event, the Court has already considered and denied as untimely a previously filed motion

which the Court construed under Rule 33.  Text Order 05/19/2022

("Rule 33 states that '[a]ny motion for a new trial grounded on any

reason other than newly discovered evidence must be filed within

14 days after the verdict or finding of guilty.' Defendant's trial ended

in a finding of guilt on March 10, 2022, well over 14 days ago.

Therefore, Defendant's motion is untimely and denied.")  Defendant

has not asserted any reason, and the Court is not aware of any,

why the Court should hold differently at this time.  Accordingly,

Defendant's Motions are denied to the extent they request a new

trial under Rule 33.

Defendant also briefly argues that the two counts of receipt of

child pornography in Counts 1 and 2 of the Indictment are "one in

the same and are prohibited under double jeopardy."  Mot. (d/e

205) p. 7.  "It is well settled that the government may not charge a

single offense in several counts."  United Stated v. Snyder, 189 F.3d

640, 646 (7th Cir. 1999).  Without such a rule, defendants could

face multiple punishments for the same act in violation of the Fifth

Amendment's Double Jeopardy Clause.  Id. at 647.  But that rule

and the Double Jeopardy Clause are "not implicated when multiple

separate violations of the same provision are charged in multiple

counts." Id.  That is what the Government charged in Counts 1 and 2 of the Indictment: that Defendant committed two separate acts on August 6, 2015 and August 15, 2015, respectively, each of which constituted knowingly receiving child pornography, as defined in 18 U.S.C. § 2256, that had been mailed, and using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including a computer, each act in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).  Indictment (d/e 1).  Therefore, Defendant's motion based on Double Jeopardy violations is denied.

Lastly, Defendant argues that dismissal is required because the revocation of his bond after trial was "rubber stamped."  Mot. (d/e 205) p. 8.  Not so.  The Court held a hearing pursuant to 18 U.S.C. §§ 3143 & 1348.  Section 3143(a) states that in a criminal case, "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."  The Court

found, after considering the arguments presented at the hearing, that Defendant had not established by clear and convincing evidence that Defendant was not likely to pose a danger to the community. Text Order 03/11/2022; Order of Detention (d/e 189) p. 3. The Court then ordered Defendant detained pending sentencing. Defendant's detention was not "rubber stamped."

## CONCLUSION

Defendant has not shown either a violation of the Speedy Trial Act or the Double Jeopardy Clause. Defendant has also not shown that he is entitled to a new trial under Rule 33 or that his detention was in error. Accordingly, Defendant's Motions to Dismiss (d/e 205, 206, & 215) are DENIED. The Clerk shall send a copy of this Order to Defendant.

**IT IS SO ORDERED.**
**ENTERED: July 7, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**