IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONALD DOROSHEFF, ) | |
| ) | |
| Petitioner-Defendant, ) | |
| ) | |
| v. ) | No. 16-cr-30049 |
| ) | 24-cv-3305 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, United State District Judge**

Before the Court is Petitioner-Defendant Donald Dorosheff's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 259). For the following reasons, the Motion is DENIED and the action dismissed with prejudice. In addition, the Court DECLINES to issue a certificate of appealability.

**I.    BACKGROUND**

On October 5, 2016, Donald Dorosheff was charged with two counts of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (d/e 1). On March 10, 2022, at the conclusion of a bench trial,

Dorosheff was convicted of the above charges. On July 14, 2022, Defendant was sentenced to 84 months in prison on each of Counts 1 through 4, to run concurrently.

On July 21, 2022, Dorosheff pursued a direct appeal to the Seventh Circuit challenging the denial by this Court of his pretrial motions to suppress. (d/e 240). Dorosheff's suppression motions had focused on an electronic search warrant that authorized the FBI to penetrate the anonymizing features of the child pornography website "Playpen" and reveal the identities of its users. The initial Network Investigative Technique ("NIT") search warrant had been issued by a magistrate judge in the Eastern District of Virginia. This Court agreed with Dorosheff's argument that Rule 41 of the Federal Rules of Criminal Procedure did not authorize the issuance of an extraterritorial NIT warrant; however, the motion to suppress was denied under the good-faith exception. (d/e 26). On September 20, 2024, the Seventh Circuit affirmed the judgment of this Court denying Dorosheff's motions to suppress. (d/e 258).

Dorosheff now brings this § 2255 motion in which he alleges ineffective assistance of counsel and violations of the Speedy Trial Act. On December 24, 2024, the Government filed its response (d/e

262), after which Dorosheff filed a reply (d/e 265) on February 3, 2025, followed by several addendums (d/e 274, 275, 276, 282) from June through September 2025.

## II.    LEGAL STANDARD

"Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary circumstances." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 516 U.S. 904 (1995); *see also Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 516 U.S. 876 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Nor may federal prisoners use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 718-20 (7th Cir. 1994).

### III.  ANALYSIS

#### A.  Petitioner's Rights Under the Speedy Trial Act were Not Violated.

In the pending Motion, Dorosheff claims that his rights under the Speedy Trial Act were violated because he alleges that more than 70 nonexcludable days elapsed from his arraignment in November 2016 to his trial in March 2022.

The Speedy Trial Act provides that

> [i]f a defendant pleads not guilty, the trial "*shall* commence" within 70 days "from the filing date (and making public) of the information or indictment" or from the defendant's initial appearance, whichever is later. [18 U.S.C.] § 3161(c)(1) (emphasis added). Delay resulting from an ends-of-justice continuance is excluded from this time period, but *"[n]o such*

> *period of delay ... shall be excludable* under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(8)(A) (emphasis added). When a trial is not commenced within the prescribed period of time, "the information or indictment *shall be dismissed* on motion of the defendant." § 3162(a)(2) (emphasis added).

*Zedner v. United States*, 547 U.S. 489, 507-08 (2006).

The Court has discussed the chronology of this case at length in prior Opinions (d/e 183, 217) denying Dorosheff's *pro se* Motions to Dismiss the Indictment (d/e 173, 205, 206, 215) for the same alleged Speedy Trial Act violations. Relevant events include the following.

On December 12, 2016, Dorosheff's retained counsel filed a motion to continue trial in order to prepare a defense, after which counsel filed a motion to suppress on January 18, 2017 followed by an amended motion to suppress on February 14, 2017. A suppression hearing was held on March 20, 2017, following a three-day continuance requested by the Government due to a scheduling conflict, and a joint continuance requested by both parties to allow additional time to prepare for the hearing.

The parties filed motions to continue trial on March 20 and April 21, 2017, pending the outcoming of Dorosheff's motions. An Opinion and Order denying the motion to suppress issued on April 27, 2017.

On May 10 and June 12, 2017, Dorosheff's counsel moved to continue trial, in order to allow time for a forensics examiner to complete his work.

On July 10, 2017, retained counsel moved to withdraw, citing irreconcilable differences with Dorosheff. The Court granted the motion, appointed the Federal Public Defender's Office, and granted newly-appointed counsel's July 19, 2017 motion to continue trial in order to have sufficient time to review the case.

On September 12, 2017, newly-appointed counsel filed motions to continue and to withdraw due to irreconcilable differences with Dorosheff. The Court appointed an attorney to represent Dorosheff pursuant to the Criminal Justice Act ("CJA") and continued trial to December 5, 2017, in order to allow newly-appointed counsel time to prepare a defense.

On November 1, 2017 and February 13, 2018, appointed counsel filed motions to continue in order to evaluate options for

additional pretrial motions on Dorosheff's behalf. The Court continued trial to March 6 and then to May 29, 2018. On April 12, 2018, counsel filed a renewed motion to exclude evidence (d/e 57) on behalf of Dorosheff and requested that trial be continued in order to set the motion for a hearing. The Court held a hearing on May 21, 2018, continued trial to July 10, 2018, and reserved ruling on the motion while requesting additional briefing on May 30, 2018. Both parties requested a continuance of the trial date pending a ruling, and the Court continued trial to September 4, 2018.

Dorosheff's counsel filed a motion to compel discovery on August 7, 2018, and requested that trial be continued pending a ruling on Dorosheff's motions to exclude evidence and to compel discovery. The Court continued trial to October 2, 2018, after which Dorosheff filed three consecutive motions to continue on September 7, October 22, and December 13, 2018. Trial was ultimately continued to March 5, 2019.

Meanwhile, on January 28, 2019, the Court directed the Government to provide for *in camera* inspection of the materials referenced in Dorosheff's motion to compel. The Government was given until April 9, 2019 in which to provide those materials. On

that date, the Government filed a motion to clarify. Counsel for Dorosheff filed motions to continue trial while the Government provided the requested materials, and trial was continued to June 4, 2019, and then to September 10, 2019.

Dorosheff's counsel filed eight consecutive motions to continue trial between August 8, 2019 and April 13, 2021, citing the pending motions to exclude evidence, to compel discovery, and to clarify. Dorosheff's attorney filed a motion to withdraw on June 15, 2021, due to irreconcilable differences. On August 24, 2021, this Court issued an Opinion and Order resolving the pending pretrial motions.

A new attorney—Dorosheff's fourth—was appointed pursuant to the CJA, and trial was continued to November 2, 2021. Newly-appointed counsel filed four additional motions to continue trial, in order to review discovery and prepare a defense, and trial was ultimately continued to March 1, 2022.

At the Court's request, the parties filed their calculations of excludable and non-excludable time under the Speedy Trial Act. Dorosheff, through counsel, "consent[ed] to the calculation as

proposed by the" Government of 52 days having elapsed on February 16, 2022. (d/e 158).

On February 23, 2022, defense counsel requested a continuance of trial to March 7, 2022, which was granted. Dorosheff personally filed a motion to proceed *pro se* (d/e 173) on February 28, 2022. The assigned magistrate judge held a hearing and found that Dorosheff knowingly and voluntarily waived his right to counsel under the Sixth Amendment.

The Court scheduled a status hearing with the parties on the anticipated trial date of March 7, 2022, and continued the trial for one day, to March 8, 2022. A bench trial commenced on March 8, during which Plaintiff's request for reappointment of prior counsel was granted following opening statements. The trial concluded on March 10, 2022, as indicated in the Background section above.

As the Court previously explained in prior Opinions (d/e 183, 217) denying Dorosheff's motions to dismiss due to alleged Speedy Trial Act violations, decisions to exclude time from the Speedy Trial Act calculation are committed to the discretion of the district court. *United States v. Robey,* 831 F.3d 857, 861 (7th Cir. 2016). "Absent legal error, . . . the district court's decision to exclude time [may be

reversed] only where the defendant can show both an abuse of discretion and actual prejudice." *United States v. Ramirez,* 788 F.3d 732, 735 (7th Cir. 2015).

Some "periods of delay [are] excluded in computing the time within which . . . the trial of any such offense must commence . . ." 18 U.S.C. § 3161(h). This includes any "delay resulting from a continuance granted by any judge on his [or her] own motion or at the request of" a party, "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

In granting each of the foregoing motions to continue, the Court specifically and expressly found that the ends of justice outweighed Defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Therefore, as explained in the Court's prior Orders, none of the exclusions to the Speedy Trial Act calculations that resulted from the parties' requested continuances—including more than two dozen requests filed on behalf Dorosheff—constituted an abuse of discretion.

Further, the Speedy Trial Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to…delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(D). This case involved the filing and resolution of numerous pretrial motions, including repeat motions to suppress and to exclude evidence filed by Dorosheff, as well as a motion to compel discovery. *See, e.g., Blake v. United States*, 723 F.3d 870, 883 (7th Cir. 2013) ("It deserves to be noted as well that whatever procedural delays did occur resulted almost entirely from motions filed on [the petitioner-defendant's] behalf and for his benefit…"). More than one hearing and additional follow-up briefing were required to resolve Dorosheff's motions.

The Seventh Circuit has determined that "the Speedy Trial Act cannot compel a district court to decide numerous pretrial motions 'within a short, fixed period of time.'" *United States v. Salerno*, 108 F.3d 730, 737 (7th Cir. 1997), *citing United States v. Tibboel*, 753 F.2d 608, 612 (7th Cir. 1985).

For the foregoing reasons, Dorosheff has failed to show that this Court's decisions to exclude time under the Speedy Trial Act constituted an abuse of discretion. *See Ramirez*, 788 F.3d at 735 ("[T]he district court's decision to exclude time [may be reversed] only where the defendant can show both an abuse of discretion and actual prejudice."). Nor has Dorosheff made any "detailed and specific" allegations of prejudice resulting from alleged delays in proceeding to trial. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (denial of § 2255 petition is appropriate "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific"); *see also Maheffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion…are waived.").

**B.     Petitioner's Conditions of Pretrial Detention do Not Entitle him to Relief under Section 2255.**

Dorosheff also claims that certain conditions of his pretrial detention—namely, being unable to leave his apartment without prior permission from Probation—were imposed "without due process, without a hearing, [and] without any attempt to

individualize these conditions" (d/e 259, p. 38), citing 18 U.S.C. § 3142(c)(1)(B).

As an initial matter, the Court notes that the record in Dorosheff's criminal case is replete with entries modifying his conditions of release to allow him to, *inter alia*, travel for employment and for family gatherings. Regardless, Dorosheff's allegation of due process violations or violations of § 3142 in imposing pretrial conditions are not cognizable under § 2255.

As explained above, a petitioner is entitled to habeas relief under § 2255 only if he demonstrates "flaws in the conviction or sentence." *Boyer*, 55 F.3d at 298. Dorosheff's pretrial conditions do not implicate his ultimate conviction for the offenses charged or the sentence imposed.

### C. Dorosheff's Right to Effective Assistance of Counsel was not Violated.

Finally, Dorosheff argues ineffective assistance of counsel, specifically citing a lack of responsiveness to his requests that counsel argue Dorosheff's rights under the Speedy Trial Act had been violated.

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 684-86 (1984). Under *Strickland*'s two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015).

"Where the Speedy Trial Act has not been violated, a defendant's ineffective assistance of counsel claim for a failure to challenge his right to a speedy trial is unfounded." *United States v. Walsh*, 2016 WL 561908, at *4 (N.D. Ill. Feb. 12, 2016), *citing Blake v. United States*, 723 F.3d 870, 885 (7th Cir. 2013) ("[B]ecause [petitioner-defendant] fails in his efforts here to demonstrate that the [Speedy Trial] Act was in fact violated, his counsel cannot be deemed ineffective for having failed to file a motion to dismiss the indictment on that basis.").

In short, Dorosheff's right to effective assistance of counsel was not violated when his attorneys failed to raise alleged Speedy Trial Act violations that this Court has held, repeatedly, are unfounded.

For all these reasons, Dorosheff's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 must be denied.

## IV.  CERTIFICATE OF APPEALIBILITY

If Dorosheff seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court does not find that reasonable jurists could find that Dorosheff's claims of Speedy Trial Act violations or ineffective assistance of counsel has merit. Accordingly, the Court DECLINES to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, the Court SUMMARILY

DISMISSES Petitioner Donald Dorosheff's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 259) and DENIES the Motion for Status (d/e 286) as MOOT. The Court DECLINES to issue a Certificate of Appealability.

The Clerk is DIRECTED to prepare the Judgment and close the accompanying administrative case 24-cv-3305.

**IT IS SO ORDERED.**
**ENTERED:  November _19_, 2025.**
**FOR THE COURT:**

　　　　　　　　　　　　　　　　_/s/ Sue E. Myerscough_
　　　　　　　　　　　　　　　　**SUE E. MYERSCOUGH**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**